```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION

CEDRIC L. MAYS,                  §
                                 §
       Petitioner,               §
                                 §
VS.                              §   Civil Action No. 4:15-CV-910-Y
                                 §
RODNEY W. CHANDLER, Warden,      §
FCI-Fort Worth,                  §
                                 §
       Respondent.               §
```

## OPINION AND ORDER

Before the Court is petitioner Cedric L. Mays's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be denied.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is serving a 240-month term of imprisonment on his 2006 conviction in this Court for possession of a firearm by a convicted felon. (Resp't's App. 15-20, ECF No. 8.) In this petition, Petitioner seeks "more than three years of pretrial jail credit [toward his federal sentence for time spent in state custody, for which the Bureau of Prisons (BOP) is precluded from awarding him under 18 U.S.C. § 3585(b),] in light of the newly amended U.S.S.G. 5G1.3." (Pet. 5, ECF No. 1.)

To establish the factual background of the case, the government has provided the declaration of J.R. Johnson, a Correctional Programs Specialist at the Designation and Sentence

Computation Center of the Bureau of Prisons (BOP), providing:

> . . .
>
> 2. In this position, I have access to inmates' records, Judgment and Commitment Orders, sentence computation letters, electronic data maintained on BOP's SENTRY computer system and BOP Program Statements.
>
> 3. My responsibilities include providing litigation assistance to the U.S. Attorney's Office when federal inmates challenge their sentence computations. This responsibility includes reviewing the accuracy of challenged sentence computations.
>
> 4. On December 9, 2015, I reviewed the sentence computation for Petitioner, Cedric L. Mays, Federal Register Number 34013-177. The review revealed that Petitioner's federal term has been computed in accordance with the Federal Judgment and Commitment Order. Petitioner is not entitled to prior custody credit from July 13, 2005, through September 27, 2006, because that time has been credited toward a state term of imprisonment.
>
> 5. Petitioner avers he is entitled to more than 3 years of prior custody credit for time spent in state custody due to an amended United States Sentencing Guidelines ("USSG") Section 5G1.3, that BOP will not award due to 18 U.S.C. § 3583(b) precluding double-credit.
>
> 6. On July 13, 2005, while on parole from the Texas Department of Criminal Justice in Case Number 0727561D, Petitioner was arrested by Fort Worth, Texas police for Possession of a Controlled Substance, Possession of a Controlled Substance: Manufacturing/Delivery/Intent, Unlawful Possession of a Firearm by a Felon, and Unlawful Possession of Body Armor/Metal resulting in Case Numbers 0970334, 0985899, 0986198, and 0986202 in Tarrant County, Texas Criminal District Court.
>
> 7. On February 2, 2006, Petitioner was temporarily loaned to the United States Marshals Service ("USMS") pursuant to a federal writ of Habeas

      Corpus Ad Prosequendum.

8. On August 28, 2006, Petitioner was sentenced in the United States District Court for the Northern District of Texas by the Honorable Terry R. Means to a 240 month term of imprisonment for a violation of 18 U.S.C. §§ 922(g) and 924(e)(1), Possession of a Firearm by a Convicted Felon, a Class A Felony. The federal term was ordered to run concurrently to any state term that may be imposed in case numbers 0970334, 0985899, 0986198, and 0986102. It was further ordered that the federal term run consecutively to any other undischarged or thereafter imposed state or federal term.

9. On September 27, 2006, Petitioner was returned to Tarrant County Jail because Texas retained primary jurisdiction over Petitioner and a federal detainer was lodged.

10. While out on writ and following the federal conviction, on September 6, 2006, Petitioner's state charges in Case Numbers 0986198 and 0985899 were dismissed. Similarly, on September 7, 2006, the state charges in Case Numbers 0970334 and 0986202 were dismissed.

11. On January 18, 2007, Petitioner's parole from state Case Number 0727561D was revoked and he received credit toward his revocation term from July 13, 2005, the date of his arrest, until September 27, 2006, when he returned from federal writ to state custody.

12. On August 25, 2009, Petitioner released on parole from the Texas Department of criminal Justice ("TDCJ") to the federal detainer.

13. A sentence computation was completed commencing the federal sentence on August 25, 2009, the date Petitioner paroled from his Texas state term. Petitioner received no prior custody credit, as all time spent in custody from July 13, 2005, until August 24, 2009, had been applied to his Texas revocation term. Petitioner's projected Good Conduct Time release date is February 19, 2027.

14. On December 18, 2014, Petitioner filed

3

>    Administrative Remedy Number 804915-F1 at FCI Fort Worth requesting his federal term run concurrent to a [sic] his state revocation term, in essence requesting a nunc pro tunc designation. On February 6, 2015, the institution denied the request and he did not appeal the institution denial at either the Regional or Central Office levels. Petitioner did not file any other administrative remedies at any level regarding his sentence computation or request for prior custody credit.
>
>    . . .

(Resp't's App. 1-4, ECF No. 8.)

## II.  DISCUSSION

Respondent asserts that the petition should be dismissed for failure to exhaust administrative remedies or, alternatively, dismissed on the merits. (Resp't's Resp. 1, ECF No. 7.) Because adherence to the exhaustion requirement would serve no purpose other than delay, the Court will consider Petitioner's claim.

Petitioner's argument that the Court can adjust his federal sentence retroactively in light of the newly amended USSG § 5G1.3 is vague and ambiguous. He fails to direct the Court to a specific amendment to § 5G1.3 or to authority that the amendment is retroactive. Instead, he merely cites *Setser v. United States*, 132 S. Ct. 1463, 1468 (2012), in which the Supreme Court determined that, under § 5G1.3, a district court has the authority to order a federal sentence to be served concurrently, rather than consecutively, to a yet-to-be-imposed state parole-revocation sentence at the time of original sentencing. Thus, under *Setser*, a

4

court has the discretion, but is not required, to render a federal sentence concurrent to a yet-to-be-imposed state sentence. The Court, however, finds no support that *Setser* applies retroactively or that this Court has the authority to impose a retroactively concurrent sentence under § 5G1.3(d). Further, the guidelines specifically provide that § 5G1.3(d) applies when the undischarged sentence is based on a revocation. U.S. SENTENCING GUIDELINES MANUAL § 5G1.3(d) cmt. n.4(C). This is so even when the revocation is prompted by or based on the instant federal-offense conduct. *See, e.g., United States v. Vales,* 272 Fed. App'x 204, 206-07 (3d Cir. 2008); *United States v. Fifield,* 432 F.3d 1056, 1062-63 (9th Cir. 2005). Under these circumstances, the guidelines recommend that the sentence for the federal offense run *consecutively* to the sentence imposed for the parole revocation. U.S. SENTENCING GUIDELINES MANUAL § 5G1.3(d) cmt. n.4(C) (emphasis added).

Since Petitioner's federal sentence was intended to run consecutively to any yet-to-be-imposed state sentence, no further crediting for time served is available to Petitioner. His state revocation sentence was already credited for the time he spent in both federal and state custody from July 13, 2005, to August 24, 2009, and he is prohibited from receiving credit toward his federal sentence for this same period. *See* 18 U.S.C. § 3585(b).

For the reasons discussed, the Court DENIES Petitioner's petition for a writ of habeas corpus and DENIES a certificate of

appealability.

    SIGNED November 7, 2016.

                                              _____
                                              TERRY R. MEANS
                                              UNITED STATES DISTRICT JUDGE